UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DIANE ARMELLINO,

                Plaintiff,                **MEMORANDUM AND ORDER**

        v.                               19-CV-5548 (RPK) (JRC)

PROSOURCE CONSULTING, LLC,

                Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiff Diane Armellino sues defendant ProSource Consulting, LLC ("ProSource"), alleging that ProSource improperly terminated a contract. ProSource moves to dismiss. For the reasons that follow, the motion is granted in full.

## BACKGROUND

      The following facts are drawn from the amended complaint and are assumed true for the purposes of this order. Because plaintiff proceeds *pro se*, the Court considers both the facts in her amended complaint and "the facts and allegations contained in [her] additional submissions." *Manley v. New York City Police Dep't*, No. 05-CV-679 (FB) (LB), 2005 WL 2664220, at *1 (E.D.N.Y. Oct. 19, 2005).

      Plaintiff, a fire-equipment inspector, is the owner and CEO of TriState Fire. Am. Compl. 9, 25 (Dkt. #9); Mem. in Opp'n 1 (Dkt. #22). She has inspected fire extinguishers at the Brooklyn, St. Albans, and Manhattan campuses of the U.S. Department of Veterans Affairs New York Harbor Healthcare System (the "VA") since 2009. Am. Compl. 9.

      Around October 2018, the VA contracted with ProSource to handle these inspections. *Ibid*. ProSource, in turn, entered into a three-year sub-contract with plaintiff. *Id*. at 25.

1

Plaintiff alleges that Grey Alvarez, ProSource's project manager for the Brooklyn and St. Albans locations, discriminated against her because of her sex. *Id*. at 9–10. Plaintiff also alleges that Mr. Alvarez directed her to falsify inspection reports, and, when she refused, he became offended because he "did not like being contradicted by a woman." *Id*. at 9. Eventually, according to plaintiff, Mr. Alvarez accused plaintiff of failing to perform proper inspections and terminated her contracts for the Brooklyn and St. Albans campuses. *Id*. at 10, 25. Plaintiff retained the contract for the Manhattan campus. *Id*. at 11.

After Mr. Alvarez terminated the contracts, plaintiff filed a grievance with the Equal Employment Opportunity Commission ("EEOC"), alleging retaliation.[1] Am. Compl. 25. On July 12, 2019, the EEOC provided plaintiff with a right-to-sue letter. *Id*. at 23. Plaintiff then filed this suit on October 1, 2019, naming Mr. Alvarez as the sole defendant. Compl. (Dkt. #1); *id*. at 2. The complaint alleged that Mr. Alvarez (i) discriminated against her on the basis of sex, (ii) breached their contract, and (iii) violated her "due process" rights. Compl. 5–10. Although Mr. Alvarez was served with the complaint, he never appeared. *See* Summons (Dkt. #5).

Plaintiff then amended her complaint to add ProSource as a defendant. *See* Am. Compl. 2–3; Aff. of Serv. (Dkt. #13). The amended complaint contained three claims against Prosource and Mr. Alvarez: (i) sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., (ii) a breach-of-contract claim, and (iii) a "due process" violation. Am. Compl. 3, 14–20.

---

[1] While the EEOC grievance uses the term "retaliation" and the complaint and amended complaint use the term "discrimination," *compare* Compl. 15 (EEOC grievance) *with id*. at 5 (discrimination) *and* Am. Compl. 5, 9–10, plaintiff properly exhausted her administrative remedies because both documents identify the substantially same conduct. *See Holtz v. Rockefeller & Co*., 258 F.3d 62, 83 (2d Cir. 2001) (a claim is sufficiently related to an EEOC charge "where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." (citation omitted)).

2

Plaintiff served ProSource on February 10, 2020.  *See* Am. Compl. 2–3; Aff. of Serv.  Mr. Alvarez was eventually dismissed after plaintiff failed to serve him with the amended complaint.  *See* Oct. 26, 2021 Order.  ProSource then moved to dismiss.  *See* Mot. to Dismiss (Dkt. #21).

While the motion was pending, the Court explained that the due process claim appeared to arise under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and that it was considering dismissing the claim.  Apr. 23, 2022 Order to Show Cause.  The Court directed plaintiff to file a letter explaining why *Bivens* should extend to ProSource's alleged conduct, or, in the alternative, identifying a statutory cause of action for her due process claim.  Apr. 23, 2022 Order to Show Cause.  *Ibid*.  Plaintiff responded by arguing that *Bivens* applies.  *See* Pl.'s Letter Brief 1–2 (Dkt. #25).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint based on "failure to state a claim upon which relief can be granted."  To avoid dismissal on that basis, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).  The facial "plausibility standard is not akin to a 'probability requirement.'"  *Ibid*. (quoting *Twombly*, 550 U.S. at 556).  But it requires a plaintiff to allege sufficient facts to enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ibid*.  In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept all facts alleged in the complaint as true.  *Ibid*.  But it need not adopt "[t]hreadbare

3

recitals of the elements of a cause of action" that are "supported by mere conclusory statements." *Ibid*.

A district court may dismiss a claim on grounds not first presented by the parties if it first gives the plaintiff "notice and 'an opportunity to be heard.'" *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation omitted). And, when a plaintiff is proceeding *pro se*, the complaint must be "liberally construed" and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

## DISCUSSION

The amended complaint is dismissed. Plaintiff's Title VII and due process claims are dismissed with prejudice, and the Court declines to exercise jurisdiction over plaintiff's state-law breach-of-contract claim.

**I.     The Title VII Claim Against ProSource Is Untimely**

Because ProSource did not receive timely notice of this action, the Title VII claim against ProSource is time-barred, and no exception applies.

**A.     The claim is time-barred.**

A Title VII claim must generally be filed within ninety days of receipt of a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011). Plaintiff received her right-to-sue letter on July 12, 2019, and she timely filed her initial complaint against Mr. Alvarez. *Compare* Am. Compl. 21 (attaching EEOC letter dated July 12, 2019) *with* Compl. (filed October 1, 2019). However, plaintiff did not file the amended complaint naming ProSource as a defendant until December 20,

4

2019, more than two months after the ninety-day deadline had expired. *See* Am. Compl. 1. Therefore, the Title VII claim against ProSource is not timely brought.[2]

### B. No exception to the time-bar applies.

Given this delay, plaintiff's claim survives only if the statute of limitations may be equitably tolled or if the claim relates back to her original complaint. Neither condition is satisfied.

#### 1. Equitable Tolling

While Title VII's statute of limitations is subject to equitable tolling, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), equitable tolling is not appropriate here because no "extraordinary circumstance" prevented plaintiff from filing a timely claim against ProSource. *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021). To equitably toll a statute of limitations, a plaintiff typically must show "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Ibid.* (citation omitted). Plaintiff does not meet her burden because she does not identify any "extraordinary circumstance" preventing her from meeting the filing deadline. Instead, she argues that the statute should be tolled because she is *pro se* and lacks knowledge of the legal system. Mem. in Opp'n 1. But equitable tolling cannot be "premised on [a litigant's] lack of education, *pro se* status, or ignorance of the right to bring a claim." *Watson v. United States*, 865 F.3d 123, 133 (2d Cir. 2017). Because plaintiff has not met

---

[2] I assume, as the parties do, that plaintiff received a valid right-to-sue letter, *see* Mem. in Supp. 1–2, 4–5; Mem. in Opp'n 1, even though the EEOC sent that letter less than 180 days after the filing of plaintiff's discrimination charge, *see* Compl. 11 (EEOC Notice of Right to Sue attached); Am. Compl. 21 (same); *compare Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1275 (10th Cir. 2001) (permitting such early letters); *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1063 (11th Cir. 1994) (same); *Saulsbury v. Wismer & Becker, Inc.*, 644 F.2d 1251, 1257 (9th Cir. 1980) (same) *with Martini v. Fed. Nat'l Mortg. Ass'n*, 178 F.3d 1336, 1347 (D.C. Cir. 1999) (finding such a letter invalid). Because the requirement of a right-to-sue letter is non-jurisdictional, *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1850 (2019), challenges to the validity of such letters are forfeited where, as here, they have not been raised. While this is an unusual case in which it is the plaintiff who would benefit from challenging the early right-to-sue letter—assuming that she could make such a challenge after requesting such a letter—a plaintiff (even a *pro se* one) may forfeit non-jurisdictional arguments. *See*, *e.g.*, *Burda Media, Inc. v. Viertel*, 604 F. App'x 91, 92 (2d Cir. 2015) (citing *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008)) (argument not raised before the district court may be forfeited, even where party proceeds *pro se*).

her "burden" by showing an "extraordinary circumstance" that "stood in [the] way" of filing a claim against ProSource, equitable tolling does not apply. *Smalls*, 10 F.4th at 145.

### 2. Relation Back

Nor does the Title VII claim against ProSource "relate back" to plaintiff's original complaint. A claim against a party not named in the original pleading relates back to the date of that pleading only if, within the period provided by Federal Rule of Civil Procedure 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C); *see also Colorado Cap. Invs., Inc. v. Owens*, No. 03-CV-1032 (JS) (WDW), 2005 WL 8161187, at *3 (E.D.N.Y. Dec. 22, 2005) (noting that courts have construed Rule 15(c)(1)(C) to govern "the addition of a new party"), *aff'd*, 304 F. App'x 906 (2d Cir. 2008). Accordingly, for plaintiff's claims against ProSource to be timely as a result of relation back, ProSource must have "received such notice of the action that it will not be prejudiced in defending on the merits" during the period provided by Rule 4(m) for serving the initial summons and complaint, and ProSource must have known or should have known "that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

"The linchpin [of this rule] is notice." *Ash v. Jacobson*, No. 16-CV-9548 (GHW), 2020 WL 2848178, at *5 (S.D.N.Y. June 1, 2020) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986)). "A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose." *Krupski v. Costa Crociere S. p.*

6

*A*., 560 U.S. 538, 550 (2010).  "But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." *Ibid*.

Therefore, the key inquiry is "what the prospective defendant knew or should have known during the Rule 4(m) period." *Id*. at 548.  Under this rule, amendment to add a new defendant will only be considered timely if the prospective defendant received "actual or constructive" notice of the original complaint within the Rule 4(m) period. *Girau v. Europower, Inc*., 317 F.R.D. 414, 421 (S.D.N.Y. 2016) (citing *Hahn v. Office & Prof'l Empls. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 384 (S.D.N.Y. 2015)).  The burden of establishing that the new defendant received notice lies with the plaintiff. *Id*. at 422 n.18 (citing *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994)).

ProSource was not served until February 10, 2020—over forty days after the Rule 4(m) period expired. *See* Aff. of Serv.; Fed. R. Civ. P. 4(m).  Plaintiff did not seek an extension of the Rule 4(m) period, she does not allege that ProSource had actual or constructive notice of the suit within this period, and ProSource's Chief Executive Officer, Donna Cooper, has averred that ProSource did not receive notice until 2021. *See* Am. Compl.; Mem. in Opp'n; Sur-Reply (Dkt. #24); Decl. of Donna Cooper ¶¶ 2–6 (Dkt. #18-1).

Nor has plaintiff put forward evidence of a relationship between Alvarez and ProSource that justifies imputing notice to ProSource via the "identity of interest" doctrine. *See Colorado Cap. Invs.*, 2005 WL 8161187, at *3 ("It is not [the defendant's] burden to prove that the ["identity of interest"] exception does not apply, until [the plaintiff] has made at least a prima facie showing that it does apply.").  The "identity of interest" doctrine permits a court to impute notice received by one party to another only if the parties are so "closely related" that "it is fair to presume the

7

added part[y] learned of the institution of the actions shortly after it was commenced." *In re Integrated Res. Real Est. Ltd. P'ships Sec. Litig.*, 815 F. Supp. 620, 646 (S.D.N.Y. 1993) (citation omitted); *accord Young v. Lepone*, 305 F.3d 1, 15 (1st Cir. 2002). The doctrine typically applies when the relationship between the original party and the added party is extremely close, such as when the individual to be added is the president of the original defendant corporation, *S.A.R.L. Galerie Enrico Navarra v. Marlborough Gallery, Inc.*, No. 10-CV-7547 (KMW) (RLE), 2013 WL 1234937, at *5 (S.D.N.Y. Mar. 26, 2013), or when the new corporate defendant is owned and run by the same family as the original corporate defendant, *Jie Zhang v. Wen Mei, Inc.*, No. 14-CV-1647 (JS) (SIL), 2017 WL 8813132, at *11 (E.D.N.Y. Dec. 28, 2017), *R. & R. adopted*, 2018 WL 878988 (E.D.N.Y. Feb. 14, 2018). No comparable allegations are present here. Mr. Alvarez—who has never appeared in this case and seems to have disregarded the action entirely—is the local project manager of a Virginia-headquartered LLC of unknown size, corporate structure, and geographic scope. Am. Compl. 2, 10, 25. Without more, it is not "fair to presume" that ProSource "learned of the institution of [this] action[]" against a remote employee of indeterminate rank "shortly after it . . . commenced." *In re Integrated Res. Real Est. Ltd. P'ships Sec. Litig.*, 815 F. Supp. at 646.

Because plaintiff has "offered no reason to believe that defendant[] received either actual or constructive notice" during the Rule 4(m) period, *Wingspan Recs., Inc. v. Simone*, No. 12-CV-2172 (NRB), 2014 WL 2116191, at *5 (S.D.N.Y. May 16, 2014), the claim against ProSource does not relate back. *See, e.g., Watson*, 412 F. Supp. 3d at 163. Therefore, the Title VII claim is dismissed as time-barred.

II.     **The Due Process Claim Is Also Dismissed**

As explained earlier, *see supra* at 3, I construe plaintiff's due process claim as arising under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See* Apr. 23, 2022 Order to

8

Show Cause; Pl.'s Letter Brief (arguing to extend *Bivens* rather than identifying an alternative cause of action).

Because "*Bivens* actions may not be brought against private corporations, even when they act under the color of federal law," this claim is dismissed. *Bender v. Gen. Servs. Admin.*, 539 F. Supp. 2d 702, 708 (S.D.N.Y. 2008); *see also Shapiro v. Goldman*, No. 14-CV-10119 (NRB), 2016 WL 4371741, at *9 (S.D.N.Y. Aug. 15, 2016) (collecting cases), *aff'd*, 696 F. App'x 532 (2d Cir. 2017). "The purpose of *Bivens* is to deter individual federal officers," not the "individual's employer." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Therefore, to preserve the doctrine's deterrent effect by channeling litigation against the "offending individual officer," *id*. at 72, the Supreme Court has "foreclose[d] the extension of *Bivens* to private entities." *Id*. at 66 n.2. Otherwise, "if a corporate defendant [were] available for suit, claimants [would] focus their collection efforts on it, and not the individual directly responsible for the alleged injury." *Id*. at 71. Accordingly, this claim too must be dismissed.

### III.    The Breach-of-Contract Claim Is Dismissed

Lastly, I decline to retain jurisdiction over plaintiff's state-law claim. *See* 28 U.S.C. § 1367(c)(3). Four factors bear on whether the exercise of supplemental jurisdiction is appropriate: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). Generally, where "a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (citation omitted); *see also Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013); *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006). Plaintiff has articulated no persuasive reason to depart from the usual practice. This case "is not on the eve of trial" or likely even "the eve of the eve of trial" and plaintiff has identified no reason why she

could not re-file her state-law breach-of-contract claim in state court. *Chenensky v. N.Y. Life Ins. Co.*, 942 F. Supp. 2d 388, 393 (S.D.N.Y. 2013) (citation omitted). Accordingly, it is not now inconvenient, unfair, or uneconomical for the parties to try their state-law claims in state court. *See Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d at 727.

## CONCLUSION

Defendant's motion to dismiss is granted. Typically, when a plaintiff is *pro se*, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). Nevertheless, leave to amend is denied with respect to the Title VII and *Bivens* claims because their deficiencies are "substantive" ones that cannot be cured with "better pleading." *Ibid.*; *see also Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 567 (E.D.N.Y. 2020) (amendment of time-barred claims would be futile); *Negron v. United States*, No. 19-CV-5442 (PMH), 2020 WL 5634304, at *10 (S.D.N.Y. Sept. 21, 2020) (amendment of non-cognizable *Bivens* claim would be futile). Accordingly, these claims are dismissed with prejudice. The breach-of-contract claim is dismissed without prejudice to refiling in state court.

The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: August 16, 2022
      Brooklyn, New York